KING, HOLMES, PATERNO & BERLINER LLP
HOWARD E. KING, ESQ., STATE BAR NO. 077012
SETH MILLER, ESQ., STATE BAR NO. 175130
MILLER@KHPBLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiffs
F.E.A. MERCHANDISING, INC.,
LIVE NATION MERCHANDISE, INC.;
BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.E.A. MERCHANDISING, INC.; LIVE NATION MERCHANDISE, INC.; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>WENNER MEDIA, LLC; HYBRID APPAREL,<br><br>Defendants. | CASE NO.<br>**CV09-06474** VDF(RZx)<br><br>**COMPLAINT FOR LANHAM ACT VIOLATIONS, VIOLATION OF COMMON LAW AND STATUTORY RIGHT OF PUBLICITY, UNFAIR COMPETITION, DECLARATORY RELIEF, AND ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

For their Complaint, plaintiffs F.E.A. MERCHANDISING, INC., LIVE NATION MERCHANDISE, INC., and BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC. ("Plaintiffs") allege:

**JURISDICTION AND VENUE**

1.  The Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 in that Plaintiffs seek relief against Defendants under the Lanham Act, 15 U.S.C. § 1114 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over any claims arising under state law because those claims are so related to the

1500.062/305147.1

1  claims in the action within the Court's original jurisdiction that they form part of the
2  same case or controversy under Article III of the United States Constitution.
3        2.    The Court has personal jurisdiction over Defendants because they
4  transact, operate, and solicit business in this District, and because Defendant Hybrid
5  Apparel has its principal place of business in this District.
6        3.    Venue is proper in this District because Defendants reside here, and
7  because a substantial part of the events or omissions giving rise to Plaintiffs' claims
8  occurred in this District.

## THE PLAINTIFFS

9
10       4.    Plaintiff F.E.A. MERCHANDISING, INC. ("F.E.A.") is a corporation
11  engaged in the business, among other things, of producing, distributing and selling
12  music-related merchandise, including t-shirts and posters, featuring the names,
13  trademarks, and likenesses of various popular musical artists.
14       5.    F.E.A. is the exclusive licensee of all rights in and to the names,
15  trademarks, likenesses, and rights of publicity for numerous well-known musical
16  artists ("F.E.A. Artists") in connection with merchandise throughout the world.
17       6.    F.E.A. acquired the merchandising rights for the F.E.A. Artists through
18  exclusive license agreements with the respective F.E.A. Artists, or their successors-
19  in-interest, who own and control the merchandising rights described above.
20       7.    Under these agreements, F.E.A. has acquired the exclusive right to use
21  and exploit the F.E.A. Artists' names, trademarks, and likenesses on merchandise
22  worldwide. F.E.A. carefully controls its uses of the F.E.A. Artists' names,
23  trademarks, and likenesses on merchandise and zealously guards and maintains the
24  integrity and substantial commercial value of same on merchandise.
25       8.    Plaintiff LIVE NATION MERCHANDISE, INC., a wholly-owned
26  subsidiary of Live Nation, Inc. ("Live Nation"), is a corporation engaged in the
27  business, among other things, of producing, distributing and selling music-related
28

KING, HOLMES,
PATERNO
& BERLINER LLP

1500.062/305147.1                               2

merchandise, including t-shirts and posters, featuring the names, trademarks, and likenesses of various popular musical artists.

9. Live Nation is the exclusive licensee of all rights in and to the names, trademarks, likenesses, and rights of publicity for numerous well-known musical artists ("Live Nation Artists") in connection with merchandise throughout the world.

10. Live Nation acquired the merchandising rights for the Live Nation Artists through exclusive license agreements with the respective Live Nation Artists, or their successors-in-interest, who own and control the merchandising rights described above.

11. Under these agreements, Live Nation has acquired the exclusive right to use and exploit the Live Nation Artists' names, trademarks, and likenesses on merchandise worldwide. Live Nation carefully controls its uses of the Live Nation Artists' names, trademarks, and likenesses on merchandise and zealously guards and maintains the integrity and substantial commercial value of same on merchandise.

12. Plaintiff BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC. ("Bravado") is a corporation engaged in the business, among other things, of producing, distributing and selling music-related merchandise, including t-shirts and posters, featuring the names and likenesses of various popular musical artists.

13. Bravado is the exclusive licensee of all rights in and to the names, trademarks, likenesses, and rights of publicity for numerous well-known musical artists ("Bravado Artists") in connection with merchandise throughout the world.

14. Bravado acquired the merchandising rights for the Bravado Artists through exclusive license agreements with the respective Bravado Artists, or their successors-in-interest, who own and control the merchandising rights described above.

15. Under these agreements, Bravado has acquired the exclusive right to use and exploit the Bravado Artists' names, trademarks, and likenesses on

King, Holmes,
Paterno
& Berliner LLP

1500.062/305147.1

3

1  merchandise worldwide.  Bravado carefully controls its uses of the Bravado Artists'
2  names, trademarks, and likenesses on merchandise and zealously guards and
3  maintains the integrity and substantial commercial value of same on merchandise.
4      16.   The F.E.A. Artists, Live Nation Artists, and Bravado Artists are
5  referred to collectively herein as the "Artists."

## DEFENDANTS' INFRINGING CONDUCT

7      17.   On information and belief, Defendant WENNER MEDIA, LLC
8  ("Wenner") is a limited liability company duly organized under the laws of the State
9  of Delaware with its principal place of business in New York, New York.  Wenner
10 owns and publishes *Rolling Stone Magazine* ("Rolling Stone").
11     18.   On information and belief, Defendant HYBRID APPAREL ("Hybrid")
12 is an entity of unknown form with its principal place of business in Cypress,
13 California, that manufactures and distributes apparel.
14     19.   Wenner and Hybrid are referred to collectively herein as "Defendants."
15     20.   Rolling Stone has cultivated an image as a champion of artists' rights
16 and supporter of musician's causes.  Yet, Defendants are and for some period of
17 time have been marketing, distributing, and selling merchandise, including t-shirts,
18 tote bags, and posters, featuring the names, trademarks, and likenesses of a number
19 of the Artists ("Infringing Merchandise").  Defendants have done so without any
20 input, approval, or quality control from the Artists.  Further, Defendants have
21 profited from the sales of their bootleg merchandise without in any way
22 compensating the Artists for the use of their names, likenesses, or other rights.
23     21.   Defendants have distributed and sold the Infringing Merchandise
24 through programs at Macy's and Wal-Mart.  The Infringing Merchandise includes,
25 without limitation, merchandise featuring the names, likenesses, and trademarks of
26 Nirvana (an F.E.A. Artist), Kurt Cobain and Beyoncé (Bravado Artists), and
27 Run-DMC (a Live Nation Artist).
28 ///

22. The images on the Infringing Merchandise are copies of Rolling Stone covers, but in each case, the respective Artist's name, likeness, and/or trademark is prominently displayed and is intended to be and is the selling tool for the product.

23. Plaintiffs did not approve or authorize any of the Infringing Merchandise featuring their respective Artists' names, trademarks, or likenesses that Defendants manufactured, reproduced, marketed, distributed, advertised, and/or sold at any time, including through Defendants' programs at Macy's and Wal-Mart.

24. Defendants improperly are trading on the goodwill, fame, and reputation of the Artists' names, likenesses, and trademarks to sell the Infringing Merchandise, including by falsely representing to consumers that the Infringing Merchandise in some fashion is authorized, approved, endorsed, sponsored, connected or affiliated with the Artists or Plaintiffs. Defendants, by their conduct, have appropriated the Artists' names, likenesses, trademarks, and rights of publicity for Defendants' commercial advantage, without permission or consent from the respective Plaintiffs.

25. Defendants have refused to comply with demands from Plaintiffs that Defendants cease marketing, distributing, and selling the Infringing Merchandise.

26. Defendants' marketing, distribution, and sales of the Infringing Merchandise unfairly and illegally compete and interfere with Plaintiffs' marketing, distribution, and sales of merchandise featuring the Artists' names, trademarks, and licenses as the respective exclusive licensees of those Artists.

27. Defendants' wrongful conduct as described herein is ongoing and will continue until and unless enjoined by this Court.

### FIRST CLAIM FOR RELIEF

### (By All Plaintiffs Against All Defendants
### for False Advertising -- Lanham Act, 15 U.S.C. § 1125(a))

28. Plaintiffs reallege and incorporate by reference each allegation set forth in paragraphs 1 through 27 inclusive above, as though fully set forth herein.

29. Defendants' use of the Artists' names, trademarks, and likenesses on and in connection with the marketing, distribution, and sale of the Infringing Merchandise is and was likely to, intended to, did, and will continue to confuse and mislead the public and misrepresent and create the false impression that the Infringing Merchandise was authorized, approved, endorsed, sponsored, connected or affiliated with the respective Artists or their exclusive licensees, Plaintiffs.

30. Plaintiffs never authorized, approved, endorsed, or sponsored the Infringing Merchandise and never authorized, approved, or consented to Defendants' use of the respective Artists' names, likenesses, or trademarks on or in connection with the Infringing Merchandise, or at all.

31. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged and will continue to be damaged in an amount to be proven at trial.

32. Pursuant to 15 U.S.C. §§ 1116(a), 1118, and 1125(a), Plaintiffs are entitled to an Order enjoining Defendants from marketing, distributing, or selling the Infringing Merchandise, and impounding and destroying all copies of the Infringing Merchandise and all marketing materials pertaining to the Infringing Merchandise.

33. Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an Order: (a) requiring Defendants to account for and pay to Plaintiffs all profits derived by Defendants from their conduct, to be increased according to applicable provisions of law, and (b) awarding all damages sustained by Plaintiffs and caused by Defendants.

34. Defendants' conduct alleged herein was intentional, egregious, and without foundation in law and, therefore, under 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of treble damages against Defendant.

35. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and hence Plaintiffs are entitled to an award of reasonable attorneys' fees.

///
///

## SECOND CLAIM FOR RELIEF

### (By All Plaintiffs Against All Defendants
### for Trademark Infringement -- Lanham Act, 15 U.S.C. § 1114)

36. Plaintiffs reallege and incorporate by reference each allegation set forth in paragraphs 1 through 35 inclusive above, as though fully set forth herein.

37. Without Plaintiffs' permission or consent, Defendants have engaged in the unauthorized use in commerce of reproductions, counterfeits, copies and/or imitations of the Artists' registered trademarks in connection with Defendants' advertising, distribution, offering for sale, and sales of the Infringing Merchandise.

38. Defendants' unauthorized use of the Artists' trademarks in commerce on and in connection with the Infringing Merchandise is and was likely to cause confusion, or to cause mistake, or to deceive the public, as described above, in violation of the Lanham Act, 15 U.S.C. § 1114(1). Defendants have committed these acts with the knowledge and intent that its use of the Artists' trademarks would cause confusion, deception, or mistake.

39. As a direct and proximate result of Defendants' willful infringing conduct, as described above, Plaintiffs have been damaged and will continue to be damaged in an amount to be proven at trial. Defendants' infringing conduct entitles Plaintiffs to recover their actual damages, trebled, together with Defendants' profits, and Plaintiffs' attorneys' fees and costs.

40. Plaintiffs are entitled to a permanent injunction to prevent future infringing conduct and to the seizure and return of all Infringing Merchandise.

## THIRD CLAIM FOR RELIEF

### (By All Plaintiffs Against All Defendants
### for Trademark Dilution-- Lanham Act, 15 U.S.C. § 1125(c))

41. Plaintiffs reallege and incorporate by reference each allegation set forth in paragraphs 1 through 40 inclusive above, as though fully set forth herein.

///

42. Each of the Artists' trademarks that appears on the Infringing Merchandise is a famous and extremely recognizable and distinctive mark used in interstate commerce in the United States. Defendants began selling the Infringing Merchandise after each of the respective Artists' trademarks was famous.

43. Defendants' use of the Artists' trademarks on and in connection with the Infringing Merchandise is likely to dilute and detract from the distinctiveness of the Artists' trademarks with resulting damage to Plaintiffs and to the substantial business and goodwill symbolized by the Artists' trademarks for which the respective Plaintiffs are the exclusive licensees in connection with merchandise.

44. Defendants' conduct in marketing, distributing, and selling the Infringing Merchandise is and was willfully intended to trade on the Artists' respective reputations or to cause dilution of the Artists' respective trademarks, and hence Plaintiffs are entitled to damages and other remedies under 15 U.S.C. § 1125(c)(2) and to a permanent injunction to prevent future infringing conduct.

## FOURTH CLAIM FOR RELIEF

**(By All Plaintiffs Against All Defendants**

**for Misappropriation of Common Law Right of Publicity)**

45. Plaintiffs reallege and incorporate by reference each allegation set forth in paragraphs 1 through 44 inclusive above, as though fully set forth herein.

46. By using the Artists' names, trademarks, and likenesses on and in connection with the Infringing Merchandise, without authority or permission from Plaintiffs, Defendants are and have been improperly trading on the Artists' fame, recognition, and goodwill in order to sell Defendants' products in violation of Plaintiffs' rights as exclusive licensees of their respective Artists' common law rights of publicity for merchandise. Defendants have appropriated the Artists' names and likenesses for its benefit and commercial advantage, without permission or consent from Plaintiffs, and without compensating Plaintiffs for such use.

///

47. Plaintiffs have been damaged by Defendants' misappropriation of Plaintiffs' common law rights of publicity in and to the Artists' names and likenesses as exclusive licensees thereof in an amount according to proof at the time of trial.

48. Plaintiffs seek temporary, preliminary, and permanent injunctive relief in order to stop any further violations of Plaintiffs' rights of publicity.

49. In engaging in the foregoing wrongful conduct, Defendants have acted with oppression, fraud, or malice within the context of California Civil Code § 3294, and therefore Plaintiffs are entitled to an award of punitive and exemplary damages in an amount according to proof at the time of trial.

### FIFTH CLAIM FOR RELIEF
### (By All Plaintiffs Against All Defendants
### for Violation of California Civil Code §§ 3344, 3344.1)

50. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 49 inclusive above, as though fully set forth herein.

51. Defendants are and at all relevant times have been knowingly using the Artists' names and likenesses for its commercial advantage on and in connection with the Infringing Merchandise, without permission or consent from the respective Plaintiffs who control the Artists' publicity rights for merchandise, including for purposes of advertising and marketing the Infringing Merchandise and to promote and solicit sales of the Infringing Merchandise. There is a direct connection between Defendants' unauthorized use of the Artists' names and likenesses and Defendants' commercial purpose in promoting sales of the Infringing Merchandise.

52. Plaintiffs have been damaged and will continue to be damaged by Defendants' unauthorized use of the Artists' names and likenesses in an amount according to proof, including statutory damages under Civil Code §§ 3344 and

3344.1, as applicable, or Plaintiffs' actual damages, whichever are greater, plus Defendants' profits from its unauthorized use of the Artists' names and likenesses.

53. Plaintiffs also are entitled to an award of punitive and exemplary damages in an amount according to proof at the time of trial.

54. Plaintiffs also are entitled to recover their attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF

### (By All Plaintiffs Against All Defendants for Unfair Competition, California Bus. & Prof. Code § 17200 *et seq.*)

55. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 54 inclusive above, as though fully set forth herein.

56. Defendants' wrongful acts described herein constitute unlawful, unfair, and fraudulent business practices and misleading advertising under California Business & Professions Code § 17200 *et seq.*

57. Plaintiffs have been damaged and will continue to be damaged by Defendants' unlawful, unfair, and fraudulent business practices and misleading advertising, as described above.

58. Plaintiffs are entitled to an injunction prohibiting Defendants from continuing the practices described above, and to restitution of all amounts acquired by Defendants by means of their acts of unfair competition.

## SEVENTH CLAIM FOR RELIEF

### (By All Plaintiffs Against All Defendants for Declaratory Relief)

59. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 58 inclusive above, as though fully set forth herein.

60. There is an actual and justiciable controversy between Plaintiffs and Defendants concerning Defendants' marketing, sale, and distribution of the

Infringing Merchandise in that Plaintiffs contend that Defendants have no right to use, manufacture, reproduce, market, sell, or exploit the Infringing Merchandise and, in so doing, violates Plaintiffs' rights, as alleged herein. Conversely, on information and belief, Defendants deny Plaintiffs' allegations and contend that Defendants have the right to use, manufacture, reproduce, market, sell, and exploit the Infringing Merchandise.

61. A judicial declaration of the parties' respective rights and obligations with respect to the Infringing Merchandise is necessary and appropriate.

62. Plaintiffs seek a judgment declaring the parties' respective rights with regard to the Infringing Merchandise, including declaring that Defendants' marketing, sale, use, and exploitation of the Infringing Merchandise is unlawful and violates Plaintiffs' rights, as alleged herein, and that Defendants have no right to engage in such use or exploitation of the Artists' names, trademarks, or likenesses.

## EIGHTH CLAIM FOR RELIEF

### (By All Plaintiffs Against All Defendants for an Accounting)

63. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 62 inclusive above, as though fully set forth herein.

64. Plaintiffs are entitled to recover as damages and restitution all profits derived by Defendants from their sale and exploitation of the Infringing Merchandise. The exact amounts due are unknown and cannot be ascertained without an accounting of Defendants' financial records. Plaintiffs seek an accounting in order to determine the precise amount of Defendants' profits or other ill-gotten gains.

## PRAYER

WHEREFORE, Plaintiffs, and each of them, respectfully request judgment against Defendants, jointly and severally, as follows:

1. For the damages suffered by Plaintiffs as a result of Defendants' false advertising, trademark infringement, and trademark dilution in violation of the Lanham Act, including an award of treble damages, and for an accounting and disgorgement of all of Defendants' profits that are attributable to their trademark violations, as increased by applicable law;

2. That Defendants, and each of their officers, agents, and employees, and all persons acting in concert with them, be enjoined preliminarily, during the pendency of this action, and permanently thereafter, from manufacturing, distributing, selling, advertising, or displaying in the United States the Infringing Merchandise and any marketing, advertising, or other materials that are likely to or do mislead the consuming public to believe that the Infringing Merchandise is authorized, approved, endorsed, or sponsored by the Artists or Plaintiffs, or that they are connected or affiliated with the Infringing Merchandise or Defendants, and that all copies of the Infringing Merchandise be recalled, impounded, and destroyed;

3. For general, special, and compensatory damages suffered by Plaintiffs as a result of Defendants' violation of Plaintiffs' common law rights of publicity, according to proof;

4. For statutory damages under Civil Code §§ 3344 and 3344.1, as applicable, or Plaintiffs' actual damages, whichever are greater, plus Defendants' profits from their unauthorized use of the Artists' identities, names, and likenesses in connection with the Infringing Merchandise, according to proof;

5. For a declaration of the parties' respective rights and obligations in regard to the Infringing Merchandise, including declaring that Defendants' marketing, sale, use, and exploitation of the Infringing Merchandise is unlawful and violates Plaintiffs' rights, and that Defendants have no right to engage in any such use or exploitation of the Infringing Merchandise or any other merchandise using the Artists' names, trademarks, or likenesses;

///

6. For an accounting of all profits and gains realized by Defendants as a result of the wrongful conduct complained of herein;

7. For restitution of all profits and gains received by Defendants as a result of their acts of unfair competition;

8. For punitive and exemplary damages according to proof;

9. For prejudgment interest;

10. For reasonable attorney fees and costs of suit incurred herein; and

11. For such other and further relief in favor of Plaintiffs as the Court deems just and proper.

DATED: September 3, 2009   Respectfully submitted,

KING, HOLMES, PATERNO & BERLINER, LLP

By: _____
HOWARD E. KING
Attorneys for Plaintiffs F.E.A. MERCHANDISING, INC.; LIVE NATION MERCHANDISE, INC.; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues triable to a jury.

DATED: September 3, 2009   Respectfully submitted,

KING, HOLMES, PATERNO & BERLINER, LLP

By: _____
HOWARD E. KING
Attorneys for Plaintiffs F.E.A. MERCHANDISING, INC.; LIVE NATION MERCHANDISE, INC.; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

```
CV09- 6474 VBF (RZx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.E.A. MERCHANDISING, INC.; LIVE NATION MERCHANDISE, INC.; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.,<br><br>PLAINTIFF(S)<br><br>V.<br><br>WENNER MEDIA, LLC; HYBRID APPAREL,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09-06474 VBF (RZx)**<br><br>SUMMONS |

TO: DEFENDANT(S): <u>WENNER MEDIA, LLC; HYBRID APPAREL</u>

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Seth Miller, Esq.</u> , whose address is <u>King, Holmes, Paterno & Berliner, LLP, 1900 Avenue of the Stars, 25th Floor, LA, CA 90067</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: SEP - 4 2009    By: AMY GRAGERA
                            Deputy Clerk
                            (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> F.E.A. MERCHANDISING, INC.; LIVE NATION MERCHANDISE, INC.; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., | **DEFENDANTS** <br> WENNER MEDIA, LLC; HYBRID APPAREL, |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Howard E. King, Esq. - SBN 077012 <br> Seth Miller, Esq. - SBN 175130 <br> KING, HOLMES, PATERNO & BERLINER, LLP <br> 1900 Avenue of the Stars, 25th Floor <br> Los Angeles, California 90067-4506 <br> (310) 282-8989 | **Attorneys** (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ subject to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC §1114, et seq. - Violation of Lanham Act, Trademark Infringement.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce/ICC Rates/etc. <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Act <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Info. Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise <br> **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Fed. Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury <br> ☐ 362 Personal Injury-Med Malpractice <br> ☐ 365 Personal Injury-Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 463 Habeas Corpus-Alien Detainee <br> ☐ 465 Other Immigration Actions | ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability <br> **BANKRUPTCY** <br> ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 445 American with Disabilities - Employment <br> ☐ 446 American with Disabilities - Other <br> ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus/Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> **FORFEITURE/PENALTY** <br> ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other | ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☒ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: CV09-06474

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | 1500.062 | Page 1 of 2 |
|---|---|---|---|
| | | | CCD-JS44 |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All plaintiffs - Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All defendants - Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date September 3, 2009
                                                                Howard E. King, Esq.

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |