UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 09-6474-VBF(RZx)**                                Dated: **December 17, 2009**

Title:   F.E.A. Merchandising, Inc., et al. -v- Wenner Media, LLC, et al.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Rita Sanchez                                    None Present
Courtroom Deputy                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                    None Present

**PROCEEDINGS (IN CHAMBERS):**   COURT ORDER RE MOTION BY DEFENDANTS WENNER MEDIA LLC AND HYBRID PROMOTIONS LLC TO DISMISS FIRST, SECOND, AND THIRD CAUSES OF ACTION [DOC. # 16]

**Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing set for December 21, 2009 at 1:30 p.m. is vacated and the matter is taken off calendar.**

The Court has received, read, and considered the Motion by Defendants Wenner Media LLC and Hybrid Promotions LLC to Dismiss the First, Second, and Third Causes of Action, and supporting papers (docs. # 16, 17); Plaintiffs'

MINUTES FORM 90                                 Initials of Deputy Clerk   rs
CIVIL - GEN

Opposition, and supporting papers (docs. # 25, 29); and Defendants' Reply, and supporting papers (docs. # 27, 31, 32, 33). Defendants move to dismiss the Complaint's first, second, and third causes of action on the grounds that: (1) these causes of action are barred by the First Amendment and by the nominative fair use defense; and (2) each of these causes of action is inadequately pled. For reasons set forth in Plaintiffs' Opposition papers and as set forth below, the Court **DENIES** Defendants' Motion.

**Defendants shall have twenty-five days from the date of this Order, until January 11, 2010, to respond to the Complaint**.

The Court cannot make the determinations at the pleading stage required to dismiss the first, second, and third causes on First Amendment and nominative fair use grounds. Defendants' arguments that all the merchandise items at issue in this action are expressive non-commercial speech and are merely part of a "subscription promotion campaign" depend on evidence that is outside the pleadings and not subject to judicial notice, and which the Court does not rely on for purposes of ruling on Defendants' Motion to Dismiss. *See* Def.'s Mem. P. & A. 5:5-11; Gruber Decl. ¶¶ 5-6; Pl.'s Objections to Evidence Submitted in Support of Defendants' Motion to Dismiss 7:10-19; Compl. ¶¶ 20-26, 29, 37, 43; Fed. R. Civ. P. 12(d); Fed. R. Evid. 201(b).

Additionally, although the Court recognizes that courts in trademark infringement cases have taken judicial notice of films, songs, and other artistic works referenced in a complaint, here Defendants have submitted only a limited number of examples of merchandise at issue in this litigation, and the Court cannot determine based on the allegations in the Complaint and matters properly subject to judicial notice that other merchandise not submitted by Defendants in conjunction with this Motion would have "no impact" on the determination of whether it is appropriate to dismiss the Complaint's first, second, and third causes of action at the pleading stage

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk   rs

on First Amendment and nominative fair use grounds. *See* Opp'n 5:28-6:8; Reply 3:21-4:2; Compl. ¶¶ 20-21.

For reasons set forth in Plaintiffs' Opposition, Defendants have also not shown that the first cause of action, labeled as a false advertising claim but alleging a false endorsement claim, is inadequately pled. Opp'n 24:4-28. Defendants in their Reply do not respond to Plaintiffs' arguments, which are well taken in light of Plaintiffs' allegations. *See* Compl. ¶¶ 29-30.

As to the second cause of action for trademark infringement, Defendants have provided insufficient support for their argument that the Complaint's allegation of ownership of registered trademarks is insufficient to state a claim for trademark infringement under 15 U.S.C. § 1114. *See id*. ¶ 37; *Sebastian Int'l, Inc. v. Russolillo*, 186 F. Supp. 2d 1055, 1063 (C.D. Cal. 2000).

For reasons set forth above, Defendants' argument that the third cause of action for trademark dilution fails to sufficiently plead that the merchandise at issue involves purely commercial speech is unpersuasive at the pleading stage. The Court cannot at this time make the required finding, based on the allegations in the Complaint and matters properly subject to judicial notice, that the merchandise items at issue "are expressive non-commercial works that are being sold to promote Rolling Stone magazine." Defs.' Mem. P. & A. 24:5:7; Opp'n 25:6-8; Compl. ¶¶ 20-22, 26, 43.

For the foregoing reasons, Defendants' Motion to Dismiss the first, second, and third causes of action is denied. This ruling is without prejudice to Defendants' right to attack these causes of action at a later time in the litigation, when the Court can consider evidence.

IT IS SO ORDERED.